# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1403 | **DATE** | 7/18/2002 |
| **CASE TITLE** | Kucala Enterprises, Ltd. vs. Auto Wax Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [11-1] for lack of subject matter jurisdiction is denied; its motion to dismiss for improper venue is denied, and its alternative motions to transfer venue [11-2], and to stay [11-3] this action pending completion of the litigation in the Northern District of Texas are denied. By this order, the court respectfully requests the district court for the Northern District of Texas to stay the action against Kucala Enterprises, Ltd., pending disposition of this proceeding.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 19 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/18/2002 date mailed notice | |
| MD courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KUCALA ENTERPRISES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02 C 1403 |
| ) | Judge Joan H. Lefkow |
| AUTO WAX COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED JUL 1 9 2002

Defendant, Auto Wax Company, Inc. ("Auto Wax"), has moved under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and (b)(3) (improper venue) to dismiss the complaint filed by plaintiff, Kucala Enterprises, Ltd. ("Kucala"), for declaratory judgment of non-infringement and invalidity of a patent owned by Auto Wax. In the alternative, defendant moves under 28 U.S.C. § 1404(a) to transfer this case to the Northern District of Texas where a case against Mothers Polishes Waxes Cleaners, Inc. ("Mothers"), a seller of Kucala's product, is pending (and to which Kucala has been joined), or, alternatively, to stay this action until the Texas case has been completed. Kucala opposes all motions. For the reasons stated below, these motions are denied.

The record reflects that Auto Wax, which is a Texas corporation with its principal place of business in Texas, is the assignee of all rights under a patent on an automotive "detailing clay," U.S. Patent No. 5,727,993 ("the '993 patent"). Auto Wax has filed four law suits to enforce its patent, one of which was *Auto Wax v. Mark V Products, Inc.* ("Mark V"), No. 3-99 CV 0982, filed in April, 1999, in the Northern District of Texas. Although that case did not

involve Kucala's product, and the judgment order does not explicitly declare the '993 patent valid, the verdict reflects that the jury rejected Mark V's defense of invalidity based on lack of enablement under 35 U.S.C. § 112 ¶ 1. In two other cases against resellers of Kucala's product, the parties entered into consent judgments of infringement, one a Tennessee bankruptcy court adversary proceeding, *Auto Wax v. A.S.R.*, No. 399-0323A (M.D. Tenn), and the other a Texas district court proceeding, *Auto Wax v. A.S.R.*, No. 3-98 CV 0817 (N.D. Tex.). Further, in the consent judgment order entered March 3, 2000 in the Texas proceeding, the court explicitly declared the '993 patent "valid and enforceable." (Def. Reply Mem. Ex. E, p. 75 ¶ 20.) Kucala had notice of the cases against A.S.R. before entry of the respective judgments. In the fourth case, on September 28, 2001, Auto Wax sued Mothers for infringement because it sells Kucala's and Mark V's products. *Auto Wax v. Mothers Polishes Waxes Cleaners, Inc.*, No. 3-02 C 1940 (N.D. Tex.) ("the Texas case").

After a period of fruitless negotiations between Kucala and Auto Wax, on February 26, 2002, Kucala, which is an Illinois corporation whose principal place of business is in North Carolina,[1] filed the instant action ("this case"). On March 27, Auto Wax moved in the Texas case to join Kucala as a defendant, alleging direct and contributory infringement and inducement of infringement. That motion was granted on April 15, 2002, and Kucala has moved in the Texas case to dismiss for lack of personal jurisdiction or for a stay so that this case may proceed. The parties represent that the Texas court has stayed that case until this court rules on the pending motions and that Auto Wax and Mothers are at present nearing settlement.

---

[1]Kucala's principal and his wife, also a Kucala employee, at some point moved from Illinois to North Carolina.

2

A.  **Motion to dismiss**

This court has broad discretion to assume or decline subject matter jurisdiction over a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy . . . a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993) *(abrogated in other respects by Wilton).* Further, a variety of circumstances should be considered in exercising that discretion such as "convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* In addition, "the comprehensive disposition of litigation" and "the importance of conservation of judicial resources" are important factors to consider. *Id.*

Because the factors raised under defendant's motion to dismiss overlap with the factors under 28 U.S.C. § 1404(a), *see infra,* the court first considers the motion to transfer venue.

B. **Motion to transfer venue**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To qualify for a transfer, (1) venue must be proper in both the transferor and transferee courts,[2] and (2) the transfer must be for the convenience of the parties

---

[2]Although Auto Wax's motion to dismiss asserts improper venue under Rule 12(b)(3), Auto Wax does not argue, as is necessary under 28 U.S.C. § 1391(c), that it was not subject to personal jurisdiction in Illinois or would not have been subject to jurisdiction within the Northern District of Illinois if the district were a separate state. This aspect of the motion to dismiss is, therefore, denied without further analysis. At the same time, it is clear that Kucala's declaratory action could have been filed in Texas. Thus, this aspect of the test for a motion to transfer venue is established.

3

and the witnesses and in the interest of justice. *See Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), quoting *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). The moving party bears the burden of demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989), quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The court "must consider the statutory factors in light of all the circumstances of the case." *Id.* at 219.

1. *The convenience of the parties and the witnesses*

Factors the court considers in evaluating the convenience of the parties and witnesses include the plaintiff's choice of forum; the situs of material events; the relative ease of access to sources of proof in each forum; and the comparative convenience of the respective forums for the litigation. *E.g., Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999) (citations omitted); *see also Recycling Sci. Int'l, Inc. v. Soil Restoration and Recycling, L.L.C.*, 159 F. Supp. 2d 1095, 1099-1100 (N.D. Ill. 2001) (listed as "the private interests of the litigants").

   a. *Plaintiff's choice of forum*

Auto Wax accuses Kucala of forum shopping by filing this action for the convenience of its attorneys and to avoid being brought into the Texas case. Kucala concedes that its patent and non-patent counsel are here, which makes the litigation more convenient for Kucala, and further argues that financial hardship would be significantly greater for Kucala were it forced to litigate in Texas because it is a small family business with two employees compared to Auto Wax, a closely held corporation with 50 employees and sales of more than $15 million in 2001.[3]

---

[3]This assertion is accepted at face value because it is not disputed by Auto Wax.

4

Under § 1404(a), plaintiff's choice of forum is generally entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum. *Brandon Apparel*, 42 F. Supp. 2d at 833; *see United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998) (Unless the balance weighs strongly in favor of transfer, plaintiff's choice should not be disturbed). But "plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action . . . . In such a case, it becomes just one of many factors to be viewed by the Court when making its determination of convenience." *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1050 (N.D. Ill. 1982) (internal citations omitted). "The convenience and location of counsel have never been accorded weight in a transfer analysis," *Hemstreet v. Scan-Optics, Inc.*, No. 89 C 5937, 1990 WL 36703, at *4 (N.D. Ill. Mar. 9, 1990), but "if the convenience of counsel bears directly on the cost of litigation, it becomes a factor to consider." *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 474 (N.D. Ill. 1979).

Although northern Illinois is no longer Kucala's home forum, neither can it be fairly said that Illinois lacks any significant contact with the underlying cause of action. Kucala is an Illinois corporation, has numerous customers in Illinois, and its principal regularly comes to Illinois to do business. Moreover, because Kucala contends that convenience of counsel bears on the cost of litigation, this factor adds slight weight in favor of Kucala's choice of forum.

    b.    *Access to evidence; convenience of parties and witnesses; situs of material events*

With respect to the convenience of the parties and witnesses and the related factors of access to evidence and situs of material events, Kucala asserts that its principal is regularly present in Chicago and that its expert, product development and customer witnesses reside in the

5

Chicago area. Auto Wax asserts that all of its corporate witnesses are in Texas and points out that Kucala's principal and employees are not even residents of Illinois, requiring them to travel in either event, and that the accused product is not manufactured in Illinois. As the court indicated to counsel on the record, because patent cases tend to be battles of experts on validity and infringement issues, neither Texas nor Illinois is plainly more convenient than the other.

2.  *The interest of justice*

"The 'interest of justice' is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220 (internal citations omitted). Similar to the *Genentech* factors regarding defendant's motion to dismiss, "[f]actors traditionally considered in an 'interest of justice' analysis [on a motion to transfer] relate to the efficient administration of the court system," such as likelihood of a speedy trial, feasibility of consolidation, and in a diversity case, familiarity of judges with applicable law. *Id.* at 221.

Auto Wax argues that the Texas court is more familiar with this litigation because of the *Mark V* case and that the risk of inconsistent judgments would be minimized by proceeding in Texas. Because *Mark V* was assigned to a different judge from the judge in *Mothers*, and "the court" is made up of individuals, the judge in *Mothers* would undoubtedly have to do approximately the same work as the undersigned to dispose of the case. Although it certainly would be inefficient and would risk inconsistent judgments for both courts to proceed on this case at the same time, these dangers are readily avoidable. The Texas court has already indicated its willingness to defer to this court with respect to choice of forum. Auto Wax does not and could not contend, in any event, that Kucala is bound by any of the previous judgments.

Certainly, either judge is likely to give some deference to, for example, claim construction rulings in *Mark V* both to avoid inconsistencies and to receive the benefit of that judge's analysis. On the other hand, should the claims against Kucala and Mothers go to trial in Texas, it would likely be unwieldy to deal with two separately accused products against two independent defendant-sellers in one trial, which suggests that a stay of the claims concerning the Kucala product might be more efficient in any event.[4]

Indeed, Kucala, as the manufacturer, is the primary party in interest opposing the infringement suit. It is not uncommon for a court to transfer a case to the home venue of the manufacturer and to stay the action against the customer pending resolution of the proceeding against the manufacturer, as this court itself recently did. *See Ambrose v. Steelcase, Inc.*, No. 02 CV 2753, 2002 WL 1447871, at *6 (N.D. Ill. July 3, 2002), and the cases cited therein. Although Northern Illinois is not Kucala's "home," it is the forum in which it prefers to litigate the case and, as already indicated, it is not an inconvenient forum. The Texas case against Mothers is what is referred to as a "customer suit," which is, like a declaratory judgment action for an alleged infringer, a means to secure a convenient forum for the patentee by suing customers of the manufacturer rather than the manufacturer, which has direct interest in the litigation. Thus, the forum shopping stone that Auto Wax casts at Kucala might also be cast at

---

[4] However, Texas is the only forum where the litigation could be resolved in one proceeding because Mothers is not subject to jurisdiction in Illinois. This assumes, of course, that Kucala is subject to jurisdiction in the Texas court, which it denies. However, the question of personal jurisdiction over Kucala has not been determined by the Texas court and this court does not undertake to do so.

7

Auto Wax.[5] Overall, little efficiency would be gained for the Texas court by litigating the Kucala claims there.

In summary, ultimately one of the parties will be inconvenienced by the court's choice of forum. As between Auto Wax and Kucala, the declaratory action was filed first; Kucala prefers to litigate in Illinois; Illinois is not an inconvenient forum; Kucala is more directly involved in the dispute than is Mothers in Texas; and little, if any, judicial efficiency would be gained by transfer of this case to Texas. Moreover, where it appears that the Texas case against Mothers is about to settle, there remains little basis to argue that this case will not equally comprehensively resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the Texas case. For these reasons, the court has concluded that in light of all the facts and circumstances known to this court this case should proceed in the Northern District of Illinois.

**ORDER**

Wherefore, Auto Wax Company, Inc.'s motion to dismiss [#11-1] for lack of subject matter jurisdiction is denied; its motion to dismiss for improper venue is denied, and its alternative motions to transfer venue [#11-2] and to stay [#11-3] this action pending completion of the litigation in the Northern District of Texas are denied. By this order, the court respectfully

---

[5]Auto Wax argues that this court should follow *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989), in which the court ruled that the trial court had abused its discretion in staying an action in New York against a customer of the manufacturer pending disposition of another case in Illinois against the manufacturer. In *Kahn*, the court ruled that the New York action was not merely a "customer suit" because there were tort claims against the defendant and that the measure of damages for the New York defendant involved different parameters. Here, by contrast, the complaints before the court in the two cases establish that the case against Mothers is a straightforward customer suit.

requests the district court for the Northern District of Texas to stay the action against Kucala Enterprises, Ltd., pending disposition of this proceeding.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 18, 2002